Next case is 18-6183, Estate of Moe Norman v. Lavern. Counsel, you may proceed. Mr. Talley. Good morning, your honors. My name is Evan Talley. I present the appellant, Mr. Greg Lavern. First, I'd like to start by reserving two minutes of my time for rebuttal. This case arises out of, essentially, a trademark and right of publicity dispute brought against my client, Mr. Lavern, who was a retired professional golfer living on Prince Edward Island in Canada. He had a relationship with another professional golfer called Moe Norman, who is represented here, his interest by the Estate of Moe Norman. And they had somewhat of a mentor-mentee relationship, whereby Mr. Norman taught various things to my client, including a unique golf lesson dating back to the 70s, 80s. Over that time, they developed this relationship. And upon Mr. Norman's death, Mr. Lavern conducted various golf lessons for a period of 15 or so years. At some point, late 90s, early 2000s, the appellees, Todd Graves and Todd Graves Golf School, were licensed the rights to use the name Moe Norman by the Estate of Moe Norman, which was left to him in his will. The sole issue today on appeal is whether the district court abused its discretion in denying my client's motion for his attorney's fees under the right of publicity statute in Oklahoma, which has a mandatory fees provision. Why don't you get right to the chase and show us where the plea for damages was made most specifically that would take us out of the injunctive relief realm that your colleague has argued? Absolutely, Your Honor. Fortunately, there are seven or eight specific instances of where there was a plea or invocation of the statute, and then four very specific instances of where there was a plea for damages. Starting with the complaint, paragraph 72 to 75 of the complaint comprised the right of publicity statute. It is captioned as cause of action for the right of publicity, and I believe it's in paragraph 74 of the specific statute, which is 120S 1449, and a quick note there. Throughout the pleadings, 1449 was invoked. However, that's the right of publicity statute in Oklahoma for living persons. 1448 is that for deceased persons. They're not identical, because the one for deceased persons contains some procedural steps for an estate, an heir, a successor, to be able to bring claims on behalf of the deceased. But for all intents and purposes, for the sections that we're dealing with today, the attorney's fees provision, both of those sections contain mandatory fees provision, as do both contain the subsection relied on by appellees. So starting in the complaint, we've got an invocation of the right of publicity statute. We also have, in paragraph 75 of the complaint, there is an allegation made that the damaged cause by the right of publicity violation has been lost business. There is nowhere for that cause of action a statement that there has been caused irreparable harm, which of course is required for injunctive relief. And in looking in the same complaint, the first three causes of action, all of which arise under the Lanham Act, there's a trademark claim, a false advertising, and a false designation of origin, all of those causes of action plead out where there's irreparable harm, those necessary elements for injunctive relief. Soon after the filing of the complaint, appellees move for a motion for preliminary injunction. And you don't want to hear about the request for the injunctive relief. But again, there's an invocation of the statute 1449 in that motion. But paragraph 75 of the complaint, that could go to an injunction as easily as it could go to damages, couldn't it? We're being harmed. For lost business? Yeah. It says defendants have thereby caused and continue to cause harm to plaintiffs, including lost business. A broad reading of that line, the harm, could include irreparable harm. And then less than a page over, where we get to the wherefore plaintiff requests judgment, there's permanently enjoined defendants and all those acting in concert with them from using, selling, advertising, promoting the unauthorized book, and so forth, which seems to tie directly back to paragraph 75. Well, it's on the very next page over in the prayer for relief, correct? Yes. So in our minds, that ties to the other causes of action where they're specifically plead out the elements for injunctive relief, the Lanham Act claims, which appellees did not do for the right of publicity claim. I would say the most direct instance of appellees asking for damages on the right of publicity claim occurs in the jury instructions submitted just on the eve of trial. The jury instruction used, it's a proposed jury instructions. There were never jury instructions adopted, nor do I believe, was there a jury instruction conference where there was argument had over. Just by way of background, we were brought into the case on the eve of tribal. We were appointed as counsel, Mr. Laverne, representing himself, pro se, up until that point. But that jury, that proposed jury instruction submitted by appellees, directly cites to 120S.1449, which again, is the right of publicity statute. But the last two lines of that jury instruction, they recite the lines from the statute that we're talking about today. That the prevailing party on that claim shall be entitled to reasonable attorney's fees and costs. And then it goes even further and says this may entitle our client to punitive, or the plaintiffs to punitive damages. Is it a pattern jury instruction? There is a pattern jury instruction. Is that what this one was? It doesn't rely, the pattern jury instruction has the actual jury instruction, what's slightly different. But in the commentary below it, it essentially has the language from the statute. And that's what the first part of this proposed jury instruction is. But the pretrial report wasn't a pattern pretrial, was it? It was not. And they also asked for punitive damages there, and statutory damages. Can you get punitive damages under the Lanham Act? You can get exemplary damages under the Lanham Act. So the statutory damages is ambiguous there? The statutory damages is ambiguous to me, because it could be statutory under the Lanham Act, it could be statutory damages that are called for in the right of publicity statute. I'm glad, Your Honor, you raised the final pretrial report. There's also a section there, the final pretrial report is devoid of any reference or prayer for injunctive relief. There is a section that the plaintiffs have been significantly damaged by various conduct, including the violation of the right of publicity statute. And then a page or two later, you find the section that you've honed in about the ask for statutory damages and punitive damages, a million dollars each for statutory, and then up to a million dollars for actual and punitive damages. In Oklahoma, it is law that one cannot receive punitive damages without first receiving actual damages. Why wouldn't we be bound by the complaint, and why shouldn't we be bound by the complaint and not allowed to look at these other pieces of the record? I don't think you should be bound by the complaint because the case evolved up until the point of the submission of the pretrial report. I don't think they didn't need to amend the complaint to add to the claims. I think with what they brought within the strictures of the cause of actions pled, the subsequent pleadings clarified the relief that was being sought. There was never one instance, and I use your question just as to damages being bound by the complaint, or is it as to other causes of action that could have been brought? You still think you prevail if we only looked at the complaint, I presume? I do. I do. If we looked at the complaint, and as Justice Phillips honed in on, harm could mean either irreparable harm or some compensatory harm. We went the extra step, and there's a modifier that says, which includes loss of business. Loss of business in and of itself is a compensatory damage. By any court or circuit that looks at it up to a point when you talk about loss of enough business and loss of market share, you start to talk about potential irreparable harm. That would serve as the foundation for injunctive relief, but we don't see that here. Should we look at all to the fact that they sued under 1449, which prohibits an award of damages unless you've registered the claim, and here there's no suggestion that the claim was registered? So that would leave them with only a right to injunctive relief, right? So I'm actually glad you raised that. 1449 was a statute that was invoked by the plaintiffs from the beginning, and it does not have the procedural registration requirements that 1448 for deceased persons does. So 1449 was all this case was ever about until we were brought into it. And when we were granted leave to file a late motion for summary judgment, there were some correspondence between the parties. And we pointed this out. I believe that is in supplemental appendix as well. We pointed out that under 1448, which was never raised in the case, there are these procedural benchmarks which, in our mind, were impossible of being met. And that's why potentially the case was about 1449, but we never really found that out because the case was dismissed with prejudice by plaintiffs. But the district court ruled under 1448, the deceased persons section, right? That's correct, Your Honor. That's correct. And that provision would limit them to injunctive relief because they never registered the claim. Because they never registered the claim, they wouldn't be entitled to damages, but that also doesn't mean that they weren't seeking it from the beginning. So to the first point, there are multiple instances throughout the record of where we were invoking 1449 and also asking for damages. A point on the provision, the subsection of 1448, 1449, it's 1448M and 1448G that the district court relied on as finding subsection. Some other vehicle through which this injunctive relief or which the denial of attorney's fees really could find some basis. There is no case law in Oklahoma on interpreting exactly what that means. If you look at the commentary in Oklahoma, it stands for the proposition that really all that means is there's other sorts of right of publicity causes of action that could be brought. And that provision just states that this section is cumulative of those. There's another statutory grounds for relief. There is a common law cause of action, neither of which were brought in this case. When you look at the right of publicity statute as a whole, it finds its inspiration in the California statute. Contains virtually identical damages provisions, attorney's fees provisions, but specifically the subsection, this cumulativeness subsection. And there is case law in California stating what that means. And it does agree that what it's all about is the entitlement to bring other causes of action. That's all. So if subsection G gives you the right to bring other causes of action, including injunctive relief under the 1449, then why wouldn't you get attorney's fees on either injunctive relief or damages? Because the claim in both instances is under this section. I don't think it precludes from bringing injunctive relief. And that's really not the issue on appeal, but I would agree. I don't think it precludes the bringing a claim for injunctive relief under one of the other statutes. But it also, I think it stands for that you could also seek damages at the same time as seeking injunctive relief, which there are kind of two sides here. If we have damages, but it gets to the point where we've lost enough business and caused enough damage, then we are experiencing some irreparable harm. So it allows for both possibilities, meaning I'm going to seek an early preliminary injunction, but ultimately, I'm also going to look to be compensated for that harm that's been caused to me. Thank you, Your Honors. And may it please the court, once again, my name is Wayne Billings. And in this case, I represent the appellees who I will simply refer to as Mr. Graves, as he was the main plaintiff, the lead plaintiff. I want to pick up on some of the points that were drawn out on Mr. Laverne's opening statements here. Let's start with the complaint. The complaint does not seek damages to recover damages in connection with the right of publicity claim. The prayer for relief makes one mention and one mention only of that claim. And that is in the context of a request for declaratory relief. It is not a request for damages. And there is no request for attorney's fees under that statute in the complaint. The complaint's only request for fees is under the Lanham Act, not the right of publicity statute. So I think that the clearest and from day one statement of the claim, the complaint does not say we are seeking to recover damages on this claim. It does not say we're seeking to recover attorney's fees on this claim. In fact, the only thing it says is declaratory relief. The only mention of fees is under the Lanham Act. So I want to be very clear that from the outset, that was not the focus of the right of publicity claim. I think the court brought out a great point about the registration requirement. While Mr. Laverne is convinced that he brought that to our attention, we were aware of that requirement long before that point. And because we weren't seeking damages, and that requirement is specifically geared to damages. It says a party may not recover damages for any violation occurring before the right of publicity is registered. It's very specific to damages. Because we weren't seeking damages under that claim, we saw no need to register the right of publicity. There was nothing we needed to cure. I would also point out that the repeated references to statutory claims, statutory damages, if statutory damages is ambiguous, as counsel just admitted, then the trial court did not abuse its discretion. Because ambiguous would mean it's reasonable to interpret one way, or it's reasonable to interpret the other. If she picked one of the two reasonable interpretations, then she did not abuse her discretion. Let me ask you this, going back a little ways. Why aren't they entitled to attorney's fees even if you were seeking injunctive relief? The attorney's fees provision says the prevailing party in any action under this section, 1449, be awarded attorney's fees and costs. Under subsection G, you can seek injunctive relief. And you did under your publicity claim. Why isn't it a claim arising under that section, and therefore they're entitled to attorney's fees? Not only are they entitled, it's required. And I think the Ducala case that we cited in our brief is a very good analysis of this. The starting point when addressing a fee shifting statute in Oklahoma has to be strict, narrow construction. That's the Briscoe case, and that's the Folsom case. The claim has to fall within the express confines of the statute. And then in the Ducala case, they had a quiet title action on minerals. The plaintiff sought quiet title and declaratory judgment. The defendant prevailed. The defendant then sought fees under the Production Revenue Standards Act. Judge Heaton looked at that and said, the Production Revenue Standard Act specifically provides for a remedy of damages or specific performance because you got quiet title and declaratory relief. That falls outside of the statute, even though the conduct issue, a lot of the same standards and analyses were addressed both in the statute and in just the ordinary claim. I assume it matters what the statute says, right? Yes. Yes. Well, here it said, the prevailing party in any action under this section shall be awarded their attorney's fees and costs. Didn't you bring an action under that section? No. You didn't bring a publicity claim under Oklahoma law? We did bring a right of publicity claim. So you brought a claim under that section? No. No. No. And here's why. The subsection that provides for other remedies, in my opinion, is a very clear legislative determination that we have, by this statute, created a damage claim. That is the specific statutory damage remedy. It comes with potential punitive damages. It comes with a mandatory award of fees and costs. That claim does. But we're not trying to shut the door on any other types of claims. The common law claims, the injunctive relief declarative, excuse me, declaratory relief claims, those are all still out there. We're not closing the door on those. And so looking at the statute, what is exactly prescribed by the statute is a claim seeking damages. It is not a claim seeking some other form of relief. Well, subsection G allows you to seek injunctive relief, which is exactly what you did here. And if you were doing a common law injunct, or a more general injunctive relief, you would have thought there'd be something in your complaint about irreparable harm. But I sure don't see it. Well, the word harm is in there. Irreparable harm is kind of a special animal when we're talking about injunction, isn't it? It is. But one would also think that if we were seeking damages for these claims, we would ask for damages in our prayer for relief, where we have asked for damages on other claims. We did not do so. We specifically asked for declaratory relief for the right of publicity statute. Now, on this point, analytically, I find it helpful to think of it in terms of a negligence per se case. In a negligence per se claim, you're not bringing a statutory claim. You're not bringing a claim under that statute. You're bringing a typical negligence claim. But where a statute provides the relevant requirement or standard of care, you can invoke that. You can import that, borrow it, into your negligence claim. And you don't get the benefits of whatever the statute provides, other than this is what the legislature has defined as a wrong. That's what we did here with reciting and relying on these statutes. And whether it's 1448 or 1449 doesn't make a lot of difference for our purposes. What we did was we said the legislature has defined the very conduct in which Mr. LaVerne engaged as a wrong. Now, we're not seeking the statutory relief. We are seeking extra statutory relief outside the statute, unless our claim clearly falls within the statute, in that it seeks damages for this claim. What do we do about the jury instruction? I'm sorry? What do we do about the jury instruction? Well, I have three points on the jury instruction. I'm glad we're going there. The first point is I don't see anywhere that that argument was raised at the district court level. So it would be very unfair to reverse the district court on an issue that it never got a chance to decide. The very argument that we're making on appeal was raised in our response to Mr. LaVerne's motion for fees. He had an opportunity to point to the jury instructions. He did not do so. He did not file a reply. This court has repeatedly found that that is a waiver of that issue. The second point I want to make on the jury instruction is that there is no case law, no case law, allowing a proposed jury instruction to retroactively transform a party's claim. Mr. LaVerne hasn't cited any. He hasn't cited any here today. I haven't found any. That would be a pretty radical and unfair result to allow that one form statute following jury instruction to completely change the entire nature of the case. Well, but it's some evidence of what you and I mean, the complaint is not entirely clear. And your jury instruction is some evidence of what it was you were seeking. And that's the issue here. It is some evidence of what we submitted for the trial court's consideration at that point. Well, I assume you wouldn't submit it if you didn't want it given. Well, no, I'm not saying that. But it's also important to remember that the jury instructions included a disclaimer that said, in offering these instructions, we're not saying that any specific theory of liability is applicable. Do you have any cases that allow people to submit jury instructions to a trial court with a general disclaimer? And then that disclaimer protects them maybe from errors of law or something in their jury instructions? I don't have any cases on that point. I would bet you wouldn't find any. And I have not found any that go the other way and say, by submitting a jury instruction that points toward this outcome, the entire claim is then transformed into something that is not what was stated in the complaint. Now, on whether or not this was a damages claim, I want to emphasize the standard of review. Again, it's abuse of discretion at this point. Mr. Laverne needs to be able to point to some specific instance where we said we are seeking, for this claim, to recover damages. That's not in there. The jury instruction was never, as the court pointed out, was never given. What would it take for there to be an abuse of discretion? I believe the standard that was that mentioned In the context of this case. Yeah, it would have to be whimsical. It would be outside the bounds of permissible choice. It would be basically that there is clear error. There's no basis for the trial court to have concluded that this was not a damage claim. In other words, no reasonable person could agree with Judge Miles LaGrange that this was not a damages case. Or if we were to hold that the attorney's fee statute applies to injunctive relief, too, because you can do it under that provision and sub-G. That would be an error of law, right? That would be an error of law. Different standard of review. An abuse of discretion. Well, the error of law would be reviewed under de novo standard. Well, if you misapply the law, you've also abused your discretion. Well, yes, I would agree with that. I would agree with that. And before we go on, can you tell me, you keep referring to the right of publicity as a declaratory judgment remedy, and saying that's what the complaint says. But where does the complaint say that? I don't see that. In the prayer for relief. I'm looking at the prayer for relief. As I understand it, and it could be incorrect, but as I understand it, the only mention of the right of publicity claim in the prayer for relief is in the context of request for declaratory relief. I want to say it's A or B. I think it's maybe A or B. I don't want to take any more of your time on that. All right. There is no statement in the complaint that we're seeking damages. Injunctive relief and declaratory relief are outside the statute. And that's the key point. Going back to the question about could we find that the statute allows for, that it's still a statutory claim if you're not seeking damages. Again, we have to construe a fee shifting provision narrowly, strictly. It's an exception to the American rule, and under Oklahoma law, we're going to keep those as narrow as possible. So if it is possible to read this statute as only creating a claim for damages and not foreclosing claims seeking other types of relief, then that's the construction that we have to apply so that the American rule is abrogated in the narrowest possible way. That, again, I would say that's a question of law within the whole context of an abuse of discretion analysis. One last question on the complaint. There is the final catch all awarding such other and further relief as may be appropriate. Is that not specific enough under a fee shifting provision, or could that sweep in a claim for damages? I don't think that would sweep in a claim of damages. I think the rest of the complaint is so specific and so geared toward specific remedies for specific claims. Lanham Act claims, citing statutes, declaratory relief for right of publicity, and then we have common law claims in there as well. I believe that the specific enumeration of damaged claims, the specific enumeration of injunctive and declaratory claims, would tend to indicate that that catch all paragraph does not restate or re-include things that have already been addressed. It goes from the specific to the general. It's been a long time since I've drafted a complaint, but I always throw in something at the end. In case I forgot anything else, I'm asking for it, right? Absolutely, absolutely. It's the CYA provision for sure. And I have not, I think probably the most important answer is I have not seen any case law that would say, because you put in that catch all, that broadens the scope of your claims beyond what you've specifically enumerated. I suppose this could be the first of those cases, but I don't see that as, but let me put it this way. Under an abuse of discretion standard, if the trial court could read that catch all paragraph as not transforming our claim into one for damages, then the result has to be affirmed. If it's not clear, if it's ambiguous, and it's been admitted that the complaint is ambiguous, if it's ambiguous, then the trial court's decision has to be upheld. Thank you, counsel. A little bit of rebuttal time. Hello again, your honors. A couple points. On the Ducalla case cited by appellees, a couple points of clarification. One, that was under the Production Revenue Standards Act, and the court there held that attorney's fees would have only been awarded for two different types of causes of action, those seeking damages and specific performance. The relief sought in that case was for quiet title and declaratory relief. That was the basis for the court's holding there. It's a different statute, and specifically outside of that type of relief sought. Judge McHugh asked a couple questions on this, that in the right of publicity statutes, subsection A, the entitlement to attorney's fees is about this section, not this subsection, which comprises those catch all provisions, M and G. So it is explicit there that anything brought under the statute or that section is an entitlement to attorney's fees. On the jury, the point made about the jury instructions not necessarily being in front of the judge whenever it issued this order, the order denying the motion for attorney's fees says, having carefully reviewed the court file in this case. And then it modifies and says, particularly the complaint and the joint status report and case management. Well, did you present the jury instructions to the judge? The jury instructions were not presented to the judge, your honor. How did the district court abuse its discretion? That's really the question, isn't it? So I'd like to further define that abuse of discretion standard. We can have clear error. We can have reliance on erroneous findings of fact. We can also have no rational evidentiary support. I think when you look at the record, the abuse of discretion occurs, there are erroneous findings of fact because there is a lack of concentration paid to all of the pleadings throughout the evolution of the case. We start with a pretty broad complaint that does include a catch-all provision that's just about relief. It's not about the causes of action. It's about the relief. And then as we get to just on the eve of trial, pretrial report, trial brief, and jury instructions all specifically invoke the statute and ask for damages. Thank you, your honors. Thank you, counsel. We appreciate your arguments and excuse. And the case shall be submitted.